Filed 6/24/26  P. v. Saephanh CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE,<br>          Plaintiff and Respondent,<br><br>          v.<br><br>LO HINH SAEPHANH,<br>          Defendant and Appellant. | C103164<br><br>(Super. Ct. No. 24F4178) |

Appointed counsel for defendant Lo Hinh Saephanh filed an opening brief that sets forth the facts of this case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the judgment.

## BACKGROUND

On June 18, 2024, police responded to a "suspicious circumstance" call at a residence in Redding.  When they arrived, they saw defendant holding two large kitchen knives, one in each hand.  Defendant made "violent statements" to the police, including "you are going to have to fucking kill me."  At one point, defendant pointed the knives directly at the responding officers.  He initially ignored commands to drop the knives but

1

eventually complied. As defendant was transported, he kicked his feet backwards, striking an officer in the leg several times.

The People charged defendant with resisting an executive officer (Pen. Code, § 69)[1] and exhibiting a deadly weapon to a police officer to resist arrest (§ 417.8). The People alleged several aggravating circumstances and two prior strike convictions, including one for rape of a spouse by force (former § 262, subd. (a)(1)).

Defendant petitioned for pretrial mental health diversion pursuant to section 1001.36. The trial court denied the petition, finding that defendant was not suitable for diversion because he posed an unreasonable risk of danger to public safety. The court explained that the present offenses stemmed from a violent event that could have resulted in injury, noting that defendant told the responding officers that they would have to kill him. The court also cited defendant's prior conviction for rape by force.

Defendant ultimately pled no contest to the charged offenses and admitted one of the prior strike convictions. The court sentenced defendant to six years (the middle term, doubled due to the prior strike) for exhibiting a deadly weapon to a police officer and one year four months (one-third of the middle term, doubled) for resisting an executive officer.

Defendant timely appealed, initially without requesting a certificate of probable cause. Defendant subsequently sought permission in this court to request a belated certificate of probable cause in the trial court. We granted the application for permission, and the trial court granted defendant's request for a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there

---

[1] Undesignated statutory references are to the Penal Code.

2

are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

/s/
WISEMAN, J.*

We concur:

/s/
MAURO, Acting P. J.

/s/
MESIWALA, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.